**AMPHENOL CORPORATION,**
Plaintiff,

and

**Alan L. Pocrass, Plaintiff–Appellant,**

v.

**MAXCONN INCORPORATED,**
Defendant–Appellee,

and

**Nu–Way Electronics, Inc., Defendant.**

No. 00–1301.

United States Court of Appeals, Federal Circuit.

Feb. 12, 2001.

Before MAYER, Chief Judge, CLEVENGER and RADER, Circuit Judges.

CLEVENGER, Circuit Judge.

Alan L. Pocrass ("Appellant") appeals from a bench trial of the United States District Court for the Northern District of California, holding that Appellant's U.S. Patent No. 4,978,317 ("the '317 patent") is invalid as anticipated pursuant to 35 U.S.C. § 102(b). *Amphenol Corp. v. Maxconn, Inc.*, No. 97–20603 (N.D.Cal. Mar. 7, 2000). A previous order granting summary judgment that Defendant Maxconn, Inc., infringed the '317 patent was not appealed. *Amphenol Corp. v. Maxconn, Inc.*, No. 97–20603 (N.D.Cal. Feb. 16, 1999). We *affirm* the judgment of patent invalidity.

## I

Appellant raises two main issues on appeal: (1) whether the district court erred in its interpretation of the limitations "housing" and "within said housing" in the

claims of the '317 patent; and (2) whether the district court erred in its application of the previously-construed "plurality of conductor wires ..." limitation during the invalidity determination phase of the trial.

This court reviews claim construction *de novo*. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 34 USPQ2d 1321 (Fed.Cir.1995) (en banc) *aff'd*, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). "Anticipation is a factual matter, which we review under the clearly erroneous standard." *Glaxo, Inc. v. Novopharm Ltd.*, 52 F.3d 1043, 1047, 34 USPQ2d 1565, 1567 (Fed.Cir.1995).

## II

We have fully reviewed the opinion of the district court, the arguments presented by the parties in their briefs, and the arguments made by the parties at oral argument.

For the reasons stated in the opinion of the district court, we agree that the '317 patent is invalid due to anticipation by the prior art "AMP device." Addressing the specific points raised by Appellant, we find that the "housing" limitations were properly construed by the district court to encompass a housing with a wall including a protrusion or flange. Additionally, as pointed out by the district court, the Appellant's arguments regarding the "plurality of conductor wires ..." limitation were waived below, when the parties agreed that the AMP device met this limitation.

Therefore, the AMP device met all of the limitations of the claims of the '317 patent. The judgment of patent invalidity pursuant to 35 U.S.C. § 102(b) is affirmed.

No costs.